**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  18-cr-381-MSK-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  **BRUCE HOLDER**,
2.  LEXUS HOLDER,
3.  CORINA HOLDER,
4.  GERI BOCHMANN,
5.  JESSICA BRADY,
6.  MARIE MATOS,

Defendants.

---

**DEFENDANT BRUCE HOLDER'S MOTION TO DISMISS COUNTS FIVE OR SIX DUE TO MULTIPLICITY IN VIOLATION OF DOUBLE JEPOARDY**
_____

Mr. Bruce Holder, through counsel Patrick L. Ridley and Kristen M. Frost of the law firm of Ridley, McGreevy & Winocur, moves the Court to dismiss Count Five or Six because these counts are multiplicitous and violate the double jeopardy protections of the Fifth Amendment.  In support thereof, Mr. Holder states as follows:

1.      Count Five of the Indictment charges Mr. Holder with, in or about June of 2018, Distribution of Controlled Substance in violation of 21 U.S.C. Section 841 (a)(1) and (b)(1)(C), and Aiding and Abetting 18 U.S.C. Section 2.  Count Six of the Indictment charges him with, in or about June of 2018, Distribution of Counterfeit Controlled Substance in violation of 21 U.S.C. Section 841 (a)(2) and (b)(1)(C) and 18 U.S.C. Section 2.

2.      Without a bill of particulars that sets forth details relating to the proof the government intends to offer at trial, it appears that the government would be presenting identical evidence in support of both counts Five and Six, to wit, that the defendants were engaged in the distribution of blue pills that purported to be the product of Mallinckrodt and that those pills contained fentanyl.  It is for this reason that Mr. Holder, in his contemporaneously filed Motion for Bill of Particulars, asks the Court to order that the government file a bill of particulars to "more specifically define the charge set forth in the indictment, so that the defendant is apprised of the charges against him with sufficient clarity in order to allow him the opportunity to prepare his defense and to obviate prejudicial surprise to the defendant at trial." *Id.* (quoting *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979)).

3.      The Double Jeopardy Clause of the United States Constitution protects an accused against being twice placed in jeopardy for the same crime.  U.S. Const. Amend. V.  The Double Jeopardy Clause of the Constitution provides three related protections: protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense.  *Brown v. Ohio,* 432 U.S. 1Six1 (1977).  The Supreme Court has held that an individual may be convicted only for a single offense arising from the same course of conduct.  *Grady v. Corbin,* 49Five U.S. Five08 (1990).  The Tenth Circuit has agreed with this proposition.  *United States v. Johnson*, 977 F.2d 13Six0, 1371 (10th Cir. 1992).

4.      "Multiplicity" is the charging of a single offense in separate counts*.  United States v. Hairrell*, Five21 F.2d 12Six4, 12SixSix (Sixth Cir. 197Five).  Multiplicity may

improperly suggest to the jury that the defendant has committed more than one crime. *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997). "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Barrett,* 49Six F.3d 1079, 109Five (10th Cir.2007) (internal quotation marks omitted).

5. Counts Five and Six of the Indictment cover the same conduct: knowingly and intentionally distributing a mixture and substance containing a detectable amount of fentanyl which was dressed up as a product of Mallinckrodt, and did aid, abet, counsel, command, induce, or procure the same. The Court need search no further than Count One of the Second Superseding Indictment to find conclusive support for this view of multiplicity. [Doc. 183] Count One alleges that the defendants:

> did knowingly and intentionally conspire with each other and with persons known and unknown to the Grand Jury to distribute and possess with intent to distribute 400 grams and more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of title 21, United States Code, Sections 841 (a)(1) and (b)(1)(A)(vii), and such substance, without authorization, bore an identifying mark that falsely purported the substance to be the product of Mallinckrodt, Inc., a manufacturer of controlled substances, which did not, in. fact, manufacture such substance, in violation of title 21, United States Code Sections 841(a)(2) and (b)(1)(A)(vii).

6. At bottom, this conspiracy count alleges that the defendants distributed and possessed with intent to distribute a substance containing fentanyl and that substance purported to be Mallinckrodt. For the same reason that these allegations are contained in one conspiracy count, the court should dismiss either count Five or count Six as being multiplicitous because the substance namely the little blue pills, are the same in each count. The government has charged two separate offenses based on the same little blue pills from June of 2018.

3

7.    The dates alleged in counts Five and Six are both "[i]n or about June, 2018." Count Five alleges the distribution of a substance containing fentanyl.  Count Six alleges distribution of a counterfeit controlled substance that contains a mark that falsely purports that the substance is a product of Mallinckrodt.  The only conspiracy count alleged in the indictment states that the "substance containing a detectable amount of fentanyl" . . . "bore an identifying mark that falsely purported the substance to be the product of Mallinckrodt."  In other words, the conduct alleged in Count Five is the identical conduct as that set forth in Count Six.  Accordingly, since the counts are muliplicitous, they violate the Double Jeopardy clause of the United States Constitution, and the Court must dismiss either Count Five or Count Six, or order the government to elect one of the two counts.

WHEREFORE, Mr. Holder respectfully moves this Court to dismiss counts Five or Six or to order the prosecution to elect to proceed on either count Five or count Six based on the Fifth Amendment of the United States Constitution.

Respectfully submitted this 3rd day of September, 2019

*s/ Patrick L. Ridley*
Patrick L. Ridley
Kristen M. Frost
Ridley, McGreevy & Winocur, P.C.
303 1Sixth Street, Suite 200
Denver, Colorado  80202
Telephone: (303) Six29-9700
Fax:  (303) Six29-9702
Email ridley@ridleylaw.com
         frost@ridleylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2019, I served a true and correct copy of the foregoing **DEFENDANT BRUCE HOLDER'S MOTION TO DISMISS COUNTS FIVE OR SIX DUE TO MULTIPLICITY IN VIOLATION OF DOUBLE JEPOARDY** electronically with the clerk of the court via the CM/ECF system to all interested parties:

Jeremy Chaffin
Assistant United States Attorney
United States Attorney's Office
20Five North 4th Street, Suite 400
Grand Junction, CO 81Five01
Tel: (970) 2Five7-7113
Fax: (970) 248-3Six30
E-mail Jeremy.chaffin@usdoj.gov
Attorney for the Government

*s/Heather Grant*
Heather Grant, Legal Assistant
Ridley, McGreevy & Winocur
303 1Sixth Street Suite 200
Denver CO 80202
Telephone: (303) Six29-9700
Facsimile: (303) Six29-9702
Email: grant@ridleylaw.com

5